and in the decision on this case. Please call it. Good morning. Case number 12-2178 versus Marcus Hubbard. Counsel, remember LaSalle Street is very noisy, so keep your voice up, please. Good morning, Your Honors. My name is Emily Filpe, and I represent Marcus Hubbard in this matter. For 14 years, Marcus Hubbard has consistently maintained that he was tortured into confessing by Area 2 detectives. In a successive post-conviction petition, Hubbard relied on the Egan Torture Report to support his claim that he was tortured. At this point, all we're asking this Court is to allow his successive post-conviction petition to be filed. We're not asking for a new trial. We're not asking for an evidentiary hearing. Just that Hubbard be allowed to file his successive petition and receive an attorney to examine his claims in light of what we now know about torture at Area 2. In his motion for leave to file, Hubbard argued that cause was established because he had recently obtained two documents. One, the Egan Torture Report, and two, a confidential report. In his petition, which must be taken as true, Hubbard claims that he did not come into possession of these reports until June 2011 and January 2012, respectively. Courts have found that the Egan Report constitutes cause. The Illinois Supreme Court found this in Rice. They found that the Egan Report established cause. And this Court found the same thing in Anderson. They found that he came into possession of the Egan Report. It's kind of what you're hanging your head on as to the cause prompt of the analysis. Is that correct? Yes, Your Honor. Okay, so you're using the term came into possession. Is that the focus of our analysis? The state has said that it's when it was available. And it would have been available during a prior post-conviction proceeding. At some stage, after he got counsel. The case they cited I don't think deals with the success of a post-conviction petition. But I'm wondering if you have a case that tells us that's the time frame, when he came into possession. Not when he knew that this report was out there, not when he knew what the report states, but when he came into possession. Smith would be my best case for that. And that's the case that deals with the forensic chemist Pamela Fish and the problems with her testimony. In that case, it was caused when the petitioner learned of Pamela Fish's problems with her testimony. However, this is not like being charged with knowing a change in the law. This is being required to stay abreast of new publications while in a maximum security prison. According to his petition, he didn't know about the Egan report. He didn't have the Egan report until 2011, June 2011. Is there any case that makes that distinction between the changes in the law versus documents that are out there and possibly not? I was not able to find any, Your Honor. However, Rice, we should go back to Rice, because in Rice, the Illinois Supreme Court points out that the Egan report is caused. Yes, in Rice, they didn't dispute it, but the Illinois Supreme Court didn't limit it either. They didn't say it's only caused if someone didn't have a first petition that was pending. Which brings me to another point. About the first petition, he raised a different claim in his first petition. In his first petition, he argued that trial counsel was ineffective for failing to obtain medical records for the motion to suppress statements to support his physical coercion claim. But it was an ineffective assistance of trial counsel claim. It was a different claim than a due process torture claim. And post-conviction counsel was under no obligation to develop additional claims beyond those specified in his pro se petition. Therefore, post-conviction counsel was under no obligation to expand Mr. Hubbard's claim to include the Egan report at that time. And as you know, the Egan report came out at the second stage of my client's first post-conviction petition. Alternatively, if this court believes that counsel did have the obligation to append the Egan report to the first post-conviction petition, then post-conviction counsel's failure to do so was unreasonable. Again, Rice says that the Egan report is clause. It doesn't limit it to when. And this is important because in this case, Hubbard has not yet been afforded a review of his torture claim in light of the Egan report, showing the widespread, systematic torture of prisoners at Area 2. Or the confidential report, showing that the Egan report did not delve deep enough into this problem of torture. Together, these two reports substantiate Hubbard's claims of police brutality and establish clause. But the second report, I mean, you all didn't pursue it on this appeal, correct? It's discussed in the reply brief, but that doesn't mean we didn't pursue it in the appeal. Hubbard attached both petitions, both reports, to his pro se petition and argued in the motion that the Egan report should not be used as a reason for the file, that both reports established clause. In the opening brief, we argued that Hubbard established clause. The second appended document also established clause, as well as the Egan report. It's not a new argument. It's not subject to the rule that points not argued in the opening brief may not be argued later. This is not a new point. It's another basis that Hubbard has established clause. A point that is argued in the opening brief. Hubbard's pro se petition also establishes prejudice, such that he should have been granted leave to file. Hubbard has been claiming that he was tortured since he was in jail following his arrest. His grandmother testified at the motion to suppress statements that his face was swollen, his ribcage was black and blue, he was holding his midsection, he was bent over, and he told her three days after his confession that the police had beaten him. He also needed and received medical treatment shortly after his confession. We also now know that Detective Michael McDermott has been found, beyond a reasonable doubt, to have tortured prisoners at Area 2. And Detective Michael McDermott testified at the jury trial that he arrested Hubbard and he interrogated Hubbard multiple times. We also know that McDermott has committed perjury to cover up these offenses. His physical torturing. Previously, before the reports, Hubbard did not have the evidence that he needed to support these claims. But now we know. This is conduct that has been consistently hidden away. The police have gone to great lengths to hide this conduct, even committing perjury to do so. As the Illinois Supreme Court stated in Rice, satisfaction of the cause and prejudice test merely allows the petition to proceed. It doesn't relieve the defendant of his evidentiary burden in the post-conviction proceeding. There is a need here for further litigation into Hubbard's claims. As the state points out in its brief, there are open questions here that need to be examined. Hubbard has never had an attorney appointed to examine his claims after the widespread torture at Area 2 came to light in the Egan report. Given the evidence in the Egan report about the extent of the torture at Area 2, Hubbard's claims can hardly be seen as fanciful, fantastic, or delusional. And because a physically coerced confession is never harmless error, Hubbard has established the prejudice required to file successive petitions. For these reasons, I ask this Court to reverse the denial of leave to file Hubbard's successive post-conviction petition and to remand for the appointment of counsel in further post-conviction proceedings. Thank you. Good morning, Your Honors. Good morning. Michelle Grimaldi Stein. I'm an assistant state's attorney and I represent the people of the state of Illinois. I'm sorry, what's your name? Michelle Grimaldi Stein. Okay, thank you. The circuit court in this case properly denied leave to file the defendant's successive petition because the defendant I'm sorry, Your Honor. I have a pretty big mouth, so I'm not usually told that to demur. If the defendant could not satisfy cause and prejudice. Now he claims the 2006 report of the special state's attorney qualified his cause to allow him to relitigate his claim that his confession was the product of police coercion. And he cites Rice. Rice never held that cause is automatically established in any case where a defendant tries to use the 2006 report. Rice entailed a case where the defendant had claimed police coercion against the same officers from the motion to suppress. He had done it before trial, he raised it on direct appeal, he raised it in a first post-conviction petition, and then this report came out that supported the claim that he had been trying to raise, that he had raised all along. Compare that to this case, because the claim that the defendant is now seeking to raise is a wholly different claim than the claim he addressed one time in a motion to suppress prior to trial. Now prior to the hearing on that motion, the defendant was requested to specify which officers committed the abuse, when they committed the abuse. Now this claim that he had been abused, he raised early on. Yes, Your Honor, he did. So why are you saying that it's wholly new? It could not possibly have been that if he raised it early on and then again in the motion to suppress. Your Honor, what he raised in the motion to suppress, he was asked to specify the date, the time, the people involved in the alleged abuse. Are you saying it's not as specific as you might have liked it, but the claim was raised? No, Your Honor, I'm saying that it is an entirely different claim, and it's very easy to understand why. The defendant alleged on February 9th at 5.30 p.m. in the evening, two white detectives who were six feet tall with black hair and glasses slapped him twice in the face during the course of one interview. These were allegations that the State asked the defendant to specifically clarify so that they could properly respond with the right witnesses at the motion to suppress hearing. Now all of a sudden, the defendant is claiming, after the 2006 report, that he was abused on the night of February 8th, the day before he said he was abused in his motion to suppress claim, by one detective, Detective McDermott, and that that was not the case. That that abuse occurred over the course of three different interviews, and it didn't involve being slapped in the face. It involved being hit in the head with such force that he fell to the ground, and then in a subsequent interview, being punched in the stomach, and then in a third interview, being kicked and punched. This is an entirely new claim, and the 2006 report had nothing to do with whether the defendant, in his motion to suppress, could have raised those allegations. He was the source of that information. He knew if that abuse happened on February 8th, he knew about it. He didn't need the 2006 report to raise it. So because he was asked to swear to what allegations of abuse existed, and he never said anything about this abuse. He's trying to get to the next stage, to file things. You sound like you're trying to hold him. So this were a trial. This is a procedurally defaulted claim. It was never raised when he had the opportunity to, and the Post-Conviction Hearing Act does not allow for procedurally defaulted claims to be raised unless he can establish cause for not raising that in a timely fashion. And he cannot establish cause because the 2006 report had nothing to do whatsoever with whether or not he could have raised these claims in his initial motion to suppress. He also cannot establish cause because even, Your Honors, if you call the claims the same, he could have raised these claims in his initial post-conviction petition. Once again, he's the source of the information. My attorney didn't talk to me about what happened to me on February 8th. My attorney failed to, I told him that I had also been abused on February 8th, and he didn't put that in. That was a claim that could have been raised in his first post-conviction petition. The 2006 report, knowledge of it, had nothing to do with his ability to do that. He had the assistance of counsel, and that 2006 report was out six months before he ever got counsel appointed in the first post-conviction, and it had been out for two years. Counsel, have you found any case law that makes a distinction between changes in rules or law and having a duty to unearth documents that were available? The Illinois Supreme Court in Evans said that ignorance of the law or ignorance of the facts is never an excuse. It is the defendant's obligation. The whole concept of cause, if you look at the way the cause and prejudice test developed, it places the onus on the defendant. What did the defendant know or what could he have found through reasonably diligent means to uncover? This report, your Honor, from my personal experience, I've done nothing but post-conviction law for the last 10 years. If I had a nickel for every defendant that tried to cite the 2006 report or before the report, the Goldstone report, or before the Goldstone report, other cases, this defendant could have found this information. This defendant, like every other incarcerated defendant, has library privileges, has the assistance of a paralegal, can speak with other jailhouse lawyers. This claim has been raised for 30 years, and the defendant didn't need this 2006 report, this claim, the claim that he was abused by a specific detective. And he could have found this report within the time for his first post-conviction. And the defendant's efforts to raise new arguments in his reply brief, and the concept that these are not new arguments, is just patently false. He specifically, as you recognized, your Honor, never talked about in his opening statement, brief, the second document. And the people explicitly said, because he hasn't raised this as a demonstration of cause, it's waived and the people are not addressing it. He never made a claim of unreasonable post-conviction counsel in his first, either in his pro se petition or in his opening brief. Counsel has raised that new claim in a one-sentence perfunctory claim to the extent that, you know, my other attorney should have included this in my first PC petition. Oh, he rendered unreasonable assistance. You are not allowed to raise new claims for the first time on appeal. And you certainly aren't allowed to do it for the first time in a reply brief, and to cite additional evidence, such as reports, and how hard it is to find out. This is a wholly improper reply brief. Just a few other points, your Honors. As counsel expressly said, he raised a different claim in his first post-conviction petition. He could have raised this one, but he didn't. And what he raised was, my attorney was ineffective for failing to properly support my claim that my attorney was not responsible for the abuse. He could have supported it with medical records from the jail. The attorney, if the claim was supported by the 2006 report, if the claim of abuse could have been supported by the 2006 report, the attorney on post-conviction review could have said, and here's further evidence in support of his claim. The reason why he didn't do that, most likely, is because he defendants' allegations of abuse that were litigated pre-trial had nothing to do with any of the people that were listed in that 2006 report. And that's why the defendant had to come up with entirely new arguments or claims, all new abuse, because he had to involve McDermott. Up to then, McDermott wasn't involved in any of these allegations of abuse. Now, all of a sudden, to make the 2006 report pertinent to his claims, he has to conjure up some new facts. And it's the people's position that having sworn to his allegations of abuse in the motion to suppress, having indicated that they occurred on February 9th, they were committed by two white officers who were physically dissimilar to McDermott, McDermott was actually described by the testifying officer at that time as a white man. He didn't jump up and say, oh, wait a second, that's the guy, that's the guy who did it. No, he continued to insist that the abuse occurred February 9th by two tall white detectives. So now it is the people's position that his current claims are affirmatively rebutted by the record. He's already said what happened to him. It didn't involve these allegations. And he's not allowed to say, oh, wait a second, the trial has to be the primary forum for litigating. You're not saying, McDermott was one of the officers who was involved in arresting him, is that correct? Yes. One of the officers involved in interrogating him, is that correct? Is that correct? Yes, Your Honor, it is. And how many times have, I mean, and the law and the cases repeatedly talk about witnesses and the variations in height and weight, and how many times has McDermott been arrested, and what they were wearing, and the law, as far as I've seen, has been fairly lenient in terms of that. Why are you holding this defendant who allegedly was beaten, you know, to a stricter standard than the case law has previously held other witnesses to? Your Honor, I am holding this defendant to raise his allegations at his first opportunity. And it's not that I am holding. The law requires, if you were beaten over the course of three interviews on a given date, and you didn't remember to raise that when you were arguing a motion to suppress, the law says you forfeited it. That's the law. He swore to what his allegations of abuse are. And now he can't come back and change his mind and say, oh, yeah, I think I have another claim to raise. That's not the way the law works. And that's not what post-conviction was designed to do. Post-conviction is designed exclusively by the legislature to provide a forum for the litigation of claims that have not been previously litigated and that could not have been previously litigated. And this defendant, his claims have been anything but consistent. And he should not be able, at this time, simply because he's not a lawyer, because he uses the magic words torture and McDermott and 2006 report, you don't get a second bite at the apple. And that's the law. And that's why the circuit court properly denied defendant leave to file this successive petition. And for all of these reasons and those alleged in the People's Brief, we would respectfully ask this Court to affirm that ruling. Briefly, Your Honors, I'm not saying that the Egan report is cause in every case. But in this case, in cases like this, where you have a longstanding claim of torture and documented injuries, the Egan report does establish cause. Secondly, the State takes issue with the defendant's claim of torture. That has not been held as a bar to raising this issue in successive petitions. The same argument was made by the State in Rice, who had also alleged torture since day one, just like Hubbard. In Rice... I think the State's argument is that it was within the defendant's knowledge when he was abused. And his focus, the State says originally, was on February 9th, involving different officers, if I understand this correctly. So that the Egan report cannot be cause or error in that motion to suppress, because it dealt with February 9th and other officers. The State's saying now that the defendant's saying, I was actually beaten on February 8th, and it was actually McDermott. Is that a correct description of what the defendant is alleging now? Sort of, Your Honor. The filed motion to suppress statement did name McDermott, as well as Detectives Owens and Fittich. Before the hearing on the motion to suppress statements, the trial counsel verbally said, oh, we're going to focus on the second interview with just Detectives Owens and Fittich. But the filed motion did mention everyone, and the State had asked for narrowing of that. But, there were many officers and detectives that were involved in this case and interrogation. And Hubbard had been involved in this case. He had been physically beaten. His failure to possibly remember names of the detectives is understandable in light of that. And again, there are open questions here that need to be looked at. All we're asking for at this point is that Hubbard be allowed to file his successive petition and have an attorney appointed to look into these claims, to examine these claims, in light of what we now know in the case. The Egan Report was the first time that an independent body published an official report into the abuses at Areas 2 and 3. It's the first official published document that corroborates the claims of these men that claim they've been tortured and consistently alleging that they were tortured by Burge and those underneath him, like Detective McDermott. I also would like to clarify the dates about the post-conviction petition. The State mentioned that the date that the Egan Report came out and said that my client's first petition was still pro se. It was before counsel had been appointed. The appellate court sent his petition to the second stage due to a 90-day violation in October 2005. So, it was before the Egan Report came out. So, it was at the second stage, at the point that the Egan Report came out. Which I think that's what they said, wasn't it? Oh, Your Honor, I thought she said... They said it came out during the second stage. Maybe not the second stage. If there's no more questions, again, we ask that this court allow Hubbard to file his successive post-conviction petition and to appoint counsel. Thank you. Thank you, counsel. This matter will be taken under advisement. This court is adjourned.